## Woods v. Almand & Moon.

*Simmons, C. J.*—Although it was probably intended by the plea
to allege that the mortgage sought to be foreclosed was given
only as collateral security for the payment of an open account
which the defendant contemplated contracting with the plain-
tiffs at the time the mortgage was executed, and that this
account was afterwards fully paid off and discharged, the plea
in fact falls too far short of distinctly and plainly making
these allegations to render it good against a demurrer alleging
that it did not clearly and distinctly set out any matter of
defense. 　　　　　　　　　　　　　　　*Judgment affirmed.*

August 5, 1895.

Foreclosure of mortgage. Before Judge Hunt. Butts
superior court. August term, 1894.

Almand & Moon brought their petition against Woods,
alleging that on February 9, 1892, he executed and de-
livered to them a mortgage note which became due on
October 1, 1892, for $492.21 principal; that defendant fails
and refuses to pay the principal and interest due thereon,
though often so requested; that to secure said principal
and interest and other items that might become due and
owing to them, said Woods mortgaged to plaintiffs "the
following described property: one hundred acres of land
being and lying in the 616 dist., bound as follows:
north Fincher & Wilson, south by John Thompson, east
by Lindsy Woods, west by J. W. Welch; and other per-
sonal property in said mortgage named; that the real estate
so mortgaged lies and is situate in the county and State
aforesaid; that the personal property is of little or no
value," etc. Plaintiffs prayed for rule *nisi* to foreclose the
mortgage. In defendant's answer to the rule *nisi*, he
alleged, that his "obligation as to said mortgage has long
since been entirely discharged; that said mortgage was
given as security only, and for the purpose of trading on an
open account;" that he "has paid plaintiff in full of all in-
debtedness whatever; that he owns no land as described in
the petition, nor did he dictate any such description;" and

"that he is not indebted to plaintiff in any manner or form whatever." This plea was sworn to by defendant. It was stricken on demurrer, because it did not clearly and distinctly set out any matter of defence. Defendant excepted, alleging that this decision was contrary to law; that he or his attorney never had notice of said demurrer (which was heard when reached on call of docket); and that said demurrer was made on the day next to the last day of court, and passed on the same day.

*Ray & Ray* and *Harrison & Peeples*, for plaintiff in error. *Y. A. Wright*, contra.