PARKER *et al.* v. ROSENHEIM & COMPANY *et al.*    | 97 769 | | 106 591 |

1. An illegality filed to the levy of an execution issued upon a common law judgment, which stated as its only ground "that no part of the amount of the execution was due," and which did not allege that the defendant had not had his day in court, nor any other fact which entitled him to go behind the judgment, nor that the same had been satisfied, was properly dismissed on motion.

2. Where a *fi. fa.* issued upon a judgment rendered in 1889 was
   levied upon property of the defendant in October, 1892, and an
   affidavit of illegality was filed by the defendant in December,
   1892; and, at the May term, 1894, of the court in which the
   illegality was still pending, the defendant filed a traverse to·
   the return of service made by the sheriff in the original suit,
   praying that the latter be made a party, setting out the entry
   of service, denying its truth, alleging that he had never been
   served, and designating the May term above mentioned as the
   first term of the court after notice to him of the return of the
   sheriff, such traverse was an entirely separate and distinct pro-
   ceeding from the illegality, and raised issues of fact to be
   passed upon by the jury. Under the decision of this court in
   *Dozier* v. *Lamb et al.*, 59 *Ga.* 461, it was error to dismiss such
   traverse on mere motion.·

   February 21, 1896. Atkinson, J., being disqualified, Judge Callaway, of the·
   Augusta circuit, was designated to preside.

Affidavit of illegality.    Before Judge Sweat.    Coffee
superior court.    March term, 1895.

An execution in favor of Rosenheim & Co. against
Parker, based on a judgment of the superior court of Coffee
county, of November 13, 1889, was levied, October 11th,
1892, on property of the defendant. He interposed an
affidavit of illegality on December 30th, 1892, in which he
swore that the execution "is proceeding against deponent
illegally, for that no part of said amount is due." At the
March term, 1894, of the superior court, the defendant
traversed the return of the· sheriff upon the declaration in
the suit in which the judgment was rendered (the return
being a return of personal service), and alleged that he was
never served in any way, that he did not appear and plead
nor authorize any one to do so for him, that he did not
waive or accept service, that he has a meritorious defense to·
the action in that he is not indebted to plaintiff in any sum,
that the present is the first term of the court after notice to
him of said return; and thereupon he prayed that the sheriff
be made a party to this traverse and that a rule issue requir-
ing the plaintiff and the sheriff to show cause why said re-
turn should not be vacated. The sheriff was made a party

defendant to the traverse, and rule issued as prayed for. By consent the two causes, the illegality and the traverse, were heard together. Without hearing any evidence, but upon mere motion of counsel to dismiss both the illegality and the traverse, the court dismissed both and gave judgment against Parker and the sureties on his illegality bond for costs. Parker and his sureties excepted.

*Atkinson & Dunwody*, for plaintiffs in error.
*G. J. Holton & Son*, contra.

CALLAWAY, Judge.

The illegality and the traverse to the sheriff's return of service, though heard together by consent, were separate and distinct proceedings. The affidavit of. illegality is entirely without merit and fatally defective. It does not allege that the defendant has not been served, nor that he did not appear, nor any other fact showing that he had not had his day in court, and without these allegations he cannot go behind the judgment. The court committed no error in dismissing it on motion.

The traverse to the sheriff's return of service contained all the essential elements of such a traverse. It denied the truth of the return of service made by the sheriff; alleged that he had never been served in any manner; that he had never waived service, nor appeared or pleaded to said cause. He also alleged the term at which the traverse was filed to be the first term of said court after notice to him of said entry of service. He prayed for a rule requiring the plaintiff and the sheriff to show cause why said return of service should not be vacated and set aside. This complies with all the requirements of section 3340 of the code, and raises two questions of fact to be passed upon by a jury: first, whether the traverse was made at the first term of the court after notice of the entry of service and before pleading to the merits; and second, whether the traverse being in time

the return of the officer was true or false.    *Dozier* v. *Lamb*, 59 *Ga.* 461.

The fact that the defendant knew of the existence of the judgment in October, 1892, when the execution was levied upon his property, and in December, 1892, when he filed his illegality, does not negative his allegation in the traverse of a want of knowledge of the return of service.    Knowledge of the existence of a judgment, and ignorance of the existence of a return of service upon the declaration and process whereon the judgment is founded, are not necessarily inconsistent.    The traverse raised issues of fact which should have been passed upon by the jury, and the court erred in dismissing the same on motion.

> *Judgment dismissing illegality affirmed.*
> *Judgment dismissing traverse reversed.*