### 9371.   COOK *v.* COBB & ROPER.

There being no allegation as to a breach of warranty within the period of eight months alleged to have been covered by the warranty, and it not appearing that the warranty was a part of the consideration of the purchase, the court did not err in striking the affidavit of illegality, by which it was sought to set up breach of warranty as a defense to the foreclosure of a purchase-money mortgage on personal property.

DECIDED MAY 15, 1918.

Mortgage foreclosure; from Harris superior court—Judge Kent presiding.   October 8, 1917.

To the foreclosure of a mortgage of Cook upon an automobile and other personal property he interposed an affidavit of illegality, setting up that he was not indebted to the plaintiffs as alleged; that the mortgage and the note secured by it were signed by him under the following circumstances, to wit: that upon a certain date he purchased from the plaintiffs an automobile for a stated price, and that the note and mortgage were for a part of the purchase-price, and he has paid all of the purchase-price "except the amount now sued for;" that the automobile "was guaranteed and warranted by [the plaintiffs] to run perfectly for a period of eight months," and they "further guaranteed and warranted to replace all broken and defective parts on said automobile for a period of eight months;" but the carburetor was defective, and he had to pay out for repairs to the carburetor and magneto a stated sum; that the gasoline leaked out on account of defects, and that this cost him a stated sum, and that by reason of the said defects the consideration of the note and mortgage partially failed, and that the automobile was not worth more than $300, though sold to him for $669; that the motor was defective and insufficient to generate the power necessary to propel the car, and that the plaintiffs refused, upon his request, to take the car and replace it with an-

other; that a new motor was furnished him by the automobile company, and the freight and installation of this cost him a stated amount; and that the plaintiffs damaged him in the said amounts, on account of the defects and breach of warranty as heretofore set out. The court, on oral motion, passed an order striking the affidavit of illegality; and a verdict for the plaintiffs was rendered, and judgment was entered thereon. Cook excepted, assigning error on the striking of the affidavit of illegality, and 'upon the action of the court in permitting the verdict to be rendered and the judgment to be entered.

B. J. Mayer, for plaintiff in error. Meadors & Wyatt, contra.

HARWELL, J. (After stating the foregoing facts.) The general denial that the defendant was indebted set up no defense. Civil Code of 1910, § 3300; Woods v. Roberts, 97 Ga. 254 (22 S. E. 986); Woods v. Almand, 97 Ga. 255 (22 S. E. 982). The remainder of the affidavit of illegality attempts to set up as a defense a breach of an express warranty. The express warranty was that the plaintiffs warranted or guaranteed the automobile to run perfectly for a period of eight months; and that they further guaranteed to replace all broken and defective parts of said automobile for a period of eight months. It nowhere appears in the affidavit of illegality that the defects complained of occurred during the eight months period covered by the warranty. It does not appear that the automobile did not run perfectly during that eight months. It does not appear when these alleged defects occurred. It does not appear that the refusal to replace any defective parts occurred during this eight-months period. In an affidavit of illegality to the foreclosure of a mortgage on personalty, the mortgagor may avail himself of the defense of recoupment. Arnold v. Carter, 125 Ga. 319 (54 S. E. 177). "The plea of recoupment being a cross-action by the defendant against the plaintiff, its allegations as to damages must be as specific and certain as if made in a petition." Whitt v. Blount, 124 Ga. 671 (53 S. E. 205); Beck Duplicator Co. v. Fulghum, 118 Ga. 836 (45 S. E. 675); Atlanta Glass Co. v. Noizet, 88 Ga. 43 (13 S. E. 833). The burden is upon the mortgagor or affiant of establishing the allegations of fact in the nature of an affirmative defense. Civil Code of 1910, § 3302; Thompson v. Fain, 139 Ga. 310 (77 S. E. 166). The plea of recoupment must therefore set up all the facts necessary

to make out a complete defense, just as if it were a petition or declaration. The express warranty, where that is relied upon, must be alleged and a breach thereof shown, and damage to the defendant. *Moulton* v. *Baer*, 78 *Ga*. 215 (2 S. E. 471). It should also appear that the express warranty was a part of the consideration of his purchase. We do not think that the affidavit of illegality measures up to the requirement of the law, in that it does not show a breach of the warranty that the automobile would run perfectly for a period of eight months and that the plaintiffs would replace all broken and defective parts for the period of eight months. It does not clearly appear that the alleged warranty was made at the time of the purchase, and was part consideration of the purchase. For these reasons we think that the court did not err in striking the affidavit of illegality, and permitting verdict and judgment to be entered in favor of the plaintiffs.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*