## DAVIS v. WILLIAMS.

Under the act creating the city court of Boston (Acts 1914, p. 194), a counter-affidavit filed to a distress warrant properly returned to that court is triable at the first term thereafter.

No. 972. February 13, 1919.

Questions certified by Court of Appeals (Case No. 9417).

*Clifford E. Hay,* for plaintiff in error.

*J. U. Merritt* and *W. I. MacIntyre,* contra.

Fish, C. J. The Court of Appeals desires instructions from the Supreme Court upon the following questions in this case:

"1. Where a distress warrant is issued and foreclosed, and the defendant files a counter-affidavit and bond, all of which are properly returned for the issues thus made to be tried in the city court under the same rules as govern in the superior court, does this issue stand for trial at the term of the city court immediately succeeding the return, irrespective of the length of the period intervening between the date of the return and the commencement of the term? 2. The act of the General Assembly creating the city court of Boston adopts the rules and regulations governing the trial of cases in the superior court, 'except as otherwise provided.' It contains nothing relative to the trial of issues made in distress-warrant proceedings; but section 7 of the act provides as follows: 'All civil cases shall be returnable for trial to the first regular quarterly term of said court convening twenty days or more after the filing or docketing of the case. . . If a defense is filed, . . then the case shall go to the next regular quarterly term as the trial term.' Does the provision just quoted have the effect of setting up a different rule of procedure in the trial of such an issue than the one obtaining in the superior court?"

As to defenses to distress warrants the Civil Code, § 5391, provides: "The party distrained may in all cases replevy the property so distrained, by making oath that the sum, or some part thereof, distrained for is not due, and give security for the eventual condemnation-money; and in such case the levying officer shall return the same to the court having cognizance thereof, which shall be tried by a jury as provided for in the trial of claims: Provided, that when the levying officer retains possession of the property of the tenant levied on, it shall not be necessary to give the bond for the eventual condemnation-money." As to statutory claims, section

5167 declares: "When an execution issued from the superior court shall be levied upon personal property, and claimed by a person not a party to such execution, as provided in this Code, it shall be the duty of the levying officer to return the same, together with the execution, to the next term of the court from which said execution issued; but should such execution be levied upon real property, and the same shall be claimed in the manner aforesaid, it shall be the duty of the officer making the levy to return the same, together with the execution and claim, to the next term of the superior court of the county in which the land so levied upon shall lie."

It appears, therefore, from the code sections quoted that where a counter-affidavit returnable to the superior court is made to a distress warrant which has been levied, the papers making an issue therein shall be returned to the next term of the superior court, and then tried, unless continued for cause. Under the act creating the city court of Boston, the rules and regulations governing the trial of cases in the superior court are adopted, "except as otherwise provided." The language in the act that "all civil cases shall be returnable for trial to the first regular quarterly term of said court convening twenty days or more after the filing or docketing of the case. . . If a defense is filed, . . then the case shall go to the next regular quarterly term as the trial term," is applicable to civil cases brought by ordinary petition, and not to issues made by counter-affidavit where a distress warrant has been levied.

Accordingly we hold, without misgiving, that the first question propounded should be answered in the affirmative, and that the second question should be answered in the negative.

*All the Justices concur.*