### 21352. GOSA *v.* CLARK & SONS INCORPORATED.

DECIDED MAY 12, 1931.

*H. A. Wilkinson,* for plaintiff in error. *E. L. Forrester,* contra.

LUKE, J. E. A. Clark & Sons Incorporated foreclosed a mortgage on personalty against W. L. Gosa in the city court of Leesburg. Defendant in fi. fa. filed an affidavit of illegality to the mortgage execution, denying generally that he was "indebted to the plaintiff in the above-stated case, on behalf of the mortgage foreclosed in said case, in any sum whatever." A demurrer being interposed on the grounds (*a*) that the affidavit of illegality did not as a whole or in any of its parts show any defense to plaintiff's execution, and (*b*) that said affidavit of illegality sets up no legal defense, and amounts merely to the general issue and is insufficient in law, the defendant offered an amendment to his affidavit, purporting to amplify the affidavit by claiming certain specified credits, in cash and in produce, exceeding in the aggregate the amount of the lien

foreclosed. The original affidavit was properly sworn to. The amendment offered was signed by counsel, but not sworn to. Objection was made to the amendment, and the court entered an order striking the original affidavit and disallowing the amendment. To this order exception was taken. Thereafter, and within the same term, the defendant filed with the sheriff another counter-affidavit, duly verified, which was returned to the court. In the second affidavit the defendant again set up the claim of payments more than sufficient to discharge the liability, with directions for their application on the indebtedness, "together with such other small notes as may have been given by defendant to plaintiff," and averred "that he is an ignorant man, can neither read nor write, and for the first time (the trial term) he learned that the plaintiff claimed from him the sum of $4,110, due upon an account." He further averred that the facts stated had not theretofore been obtained by him, were unknown to him, not discoverable by him by the exercise of due diligence, and are now set forth at the first opportunity. To this latter affidavit the plaintiff interposed a demurrer and motion to dismiss, upon several grounds, which the court sustained. To the order sustaining the demurrer and motion to dismiss the defendant excepted.

The trial court, according to our view of the law, did not err in striking the original affidavit and disallowing the amendment offered, under the requirement that in such cases the defense must be particularly set up, and a general denial, or a denial in general terms, is but a plea of the general issue, and not issuable, and not a denial of plaintiff's right to recover under the system of defenses provided by the act of 1893. *Cook* v. *Cobb, 22 Ga. App.* 329 (95 S. E. 1022). And there was nothing in the original affidavit to amend by. *Richey* v. *Johnson, 21 Ga. App.* 41 (2) (93 S. E. 514).

Neither did the trial court err in sustaining plaintiff's demurrer and motion to dismiss the second affidavit. It was clearly insufficient under the provisions of the Civil Code (1910), § 6288, which provides that "No second affidavit of illegality shall be received by any sheriff or other officer, for causes which existed and were known, or in the exercise of reasonable diligence might have been known at the time of filing the first." In our opinion, no facts are stated by way of defense in the second affidavit other than

those which "in the exercise of reasonable diligence might have been known at the time of filing the first."

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*