29019. SCARBROUGH *v.* BELL, administrator.

DECIDED DECEMBER 4, 1941.

*P. Q. Bryan,* for plaintiff in error. *R. E. Cheshire, Hoyt H. Whelchel,* contra.

FELTON, J. C. H. Bell, as administrator of the estate of W. T. Bell, foreclosed a bill of sale against Luther Scarbrough, returnable to the city court of Colquitt County, under which levy was made. The defendant filed an affidavit of illegality. The plaintiff made an oral motion in term to strike the affidavit of illegality which was overruled. The defendant amended the affidavit of illegality over the objection of the plaintiff  Exceptions pendente lite were filed by the plaintiff assigning error on the overruling of the motion to dismiss the affidavit and allowing the amendment thereto. The jury returned a verdict in favor of the defendant. The plaintiff filed a motion for new trial in the usual form at the trial term, the November 1940 term. The motion for new trial was set to be heard on January 20, 1941, at which time the plaintiff made a motion to have vacated the orders overruling the mo-

tion to dismiss the affidavit of illegality and allowing the amendment to the affidavit. The judge passed an order vacating his previous rulings on these two motions, disallowed the amendment, sustained the motion to dismiss, set aside the verdict and judgment, and ordered the fi. fa. to proceed. The defendant excepted to this order.

The motion for new trial was in the usual form based on the general grounds. The rule nisi ordered cause shown why the motion should not be granted. Neither the rule nisi nor the order providing for the time of hearing, filing of the brief of evidence, etc., made any provision for the retaining of jurisdiction by the court as to any question except the one whether the motion for new trial should or should not be granted. The question is whether the court, in vacation, at the time set for the hearing of the motion for new trial, had jurisdiction to vacate the rulings on the pleadings and enter the order shown in the statement of facts. Under the answers of the Supreme Court to certified questions by this court in this case (*Scarbrough* v. *Bell,* 193 *Ga.* 17 S. E. 2d, 732), it was error for the court, in vacation, to vacate the orders which had been passed in term time, to disallow the amendment, to sustain the demurrer, to set aside the verdict and judgment, and to order the fi. fa. to proceed.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*