29712. BELL, administrator, *v.* SCARBROUGH.

DECIDED SEPTEMBER 29, 1942.

64

*Hoyl H. Whelchel, Robert E. Cheshire,* for plaintiff.

*P. Q. Bryan,* for defendant.

GARDNER, J. This case was previously before this court. *Scarbrough* v. *Bell,* 66 *Ga. App.* 320 (17 S. E. 2d, 919). We are not now concerned with the question there determined. The record presents two questions: First, did the court err in allowing the amendent? Second, did the court err in overruling the motion for new trial?

1. It will be noticed that the attack on the original affidavit was made at the return term. The amendment was offered and allowed over objection at the return term. We think, under the facts of this case and the broad provisions of Code § 81-1001, that the court did not err in refusing to strike the original affidavit or in allowing the amendment over the objections urged. We can not see that this holding, under the facts of the case as above set out, conflicts with the rulings in the cases relied on by the plaintiff, to wit: *Gosa* v. *Clark & Sons Inc.,* 43 *Ga. App.* 310 (158 S. E. 608); *Cook* v. *Cobb & Roper,* 22 *Ga. App.* 328 (95 S. E. 1022); *Smith* v. *First National Bank of Marietta,* 115 *Ga.* 608 (2) (41 S. E. 983). It will be readily seen that the facts

of these cases distinguish them from the facts in the instant case. While the following cases are not directly in point we mention them for comparison: *Simmons Furniture Co.* v. *Reynolds,* 135 *Ga.* 595 (69 S. E. 913); *Moore* v. *American National Bank,* 156 *Ga.* 724 (120 S. E. 2); *Wilkes* v. *Arkansas Fuel-Oil Co.,* 60 *Ga. App.* 775 (5 S. E. 2d, 269); *Williford* v. *Phillips,* 49 *Ga. App.* 223 (174 S. E. 641); *Rentz Drug Co.* v. *Bishop-Babcock Co.,* 30 *Ga. App.* 391 (118 S. E. 414); *Armour Fertilizer Works* v. *Dwight,* 22 *Ga. App.* 144 (95 S. E. 746); *Richey* v. *Johnson,* 21 *Ga. App.* 41 (93 S. E. 514).

2. The motion for new trial is based on the general grounds. There is no dispute that Scarbrough paid the deceased $150 by proceeds obtained from the sale of tobacco embraced within the bill of sale. The issue which arises is based on the law of application of payments. It is undisputed that at the time of the payment Scarbrough owed the deceased the amount of the bill of sale executed for supplies in making the crop described in the bill of sale, and in addition owed him two other notes for $240 each, executed for the purchase-money of land. The bill of sale contained this provision: "I hereby expressly waive the right to make application of any payments made by me to the holder of this note during the life of this debt, and give the right to such holder to apply any payments made by me to this or any other indebtedness I may owe." Under this provision the deceased had a right to apply the payment of $150 to the land notes. *Payne* v. *Seagars,* 13 *Ga. App.* 101 (78 S. E. 829). The Code, § 20-1006, reads as follows: "When a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be appropriated. If he fails to do so, the creditor has the right to appropriate at his election. If neither exercises this privilege, the law will direct the application in such manner as is reasonable and equitable, both as to parties and third persons. As a general rule, the oldest lien and the oldest item in an account will be first paid, the presumption of law being that such is the fair intention of the parties." It appears from the evidence that there was no entry of credit on either the land notes (which were older than the bill of sale) or on the bill of sale. The jury was authorized to find, however, under the evidence, that at the time the $150 payment

was made the deceased accepted it on the terms that it was to be applied as a credit on the bill of sale, the consideration of which was fertilizer used for making the crop described in the bill of sale. It is disclosed by the evidence that at the time this $150 was paid from the proceeds of tobacco the balance of the bill of sale was to be paid from proceeds of the sale of cotton embraced within the bill of sale. In view of the evidence, we think the jury was authorized to find that, while no credit was actually entered on either note, the factual appropriation of the payment was made by the deceased on the indebtedness evidenced by the bill of sale. This the deceased had a right to do, notwithstanding the waiver provision as set out above and which was a part of the bill of sale. *Riverside Milling & Power Co.* v. *Bank of Cartersville*, 141 *Ga.* 578 (3) (81 S. E. 892). The court did not err in overruling the motion for new trial.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*