32491. McLENDON *v.* LEMON.

Decided July 8, 1949.   Rehearing denied July 27, 1949.

*Marvin O'Neal Jr.*, for plaintiff in error.

*W. H. Armistead, Cobb & Cobb*, contra.

WORRILL, J. ■ The defendant contends that the court erred in deciding this case at the January term of the City Court of Decatur. He bases this contention on the fact that the proceeding was returned to the clerk of the court within a period of less than 20 days before the January term and was docketed to the March term of the court, and he relies on the provisions of the Code, § 81-111. We do not think that this Code section is applicable to the facts of this case; and neither do we think that *Penn Mutual Life Ins. Co.* v. *Troup*, 177 *Ga.* 456 (6a), 457 (170 S. E. 359), *Atlantic Coast Line R. Co.* v. *Georgia Sweet Potato Growers Assn.*, 171 *Ga.* 30, 31 (154 S. E. 698), and the other cases cited and relied on by the plaintiff in error, are in point.

This case was proceeding under the provisions of the Code, Chapters 67-7 and 67-8. Section 67-803 provides that, "When an affidavit of illegality shall be filed as in section 67-801 provided for, and the mortgagor or his special agent or attorney shall give bond, with good and sufficient security . . the levying officer shall postpone the sale of said property, and return all the proceedings and papers in the case to the court from which the execution issued, where the issue shall be tried as other cases of illegality." Section 39-1006 sets forth how an illegality shall be returned and tried. It reads, "When the levy shall have been made, and affidavit and bond delivered to the officer as herein provided, it shall be the duty of such officer to suspend further proceedings on such execution, and return the execution, affidavit, and bond to the next term of the court from which the execution issued; and it shall be the duty of said court to determine thereon at the first term thereof, unless the plaintiff or his attorneys shall desire to controvert the facts contained in said affidavit, in which case an issue shall be joined, which issue shall be tried by a jury at the same term, unless good cause is shown for a continuance." We think that these Code sections mean just what they say, and that under the facts of this case it was triable at the January term of the court. The case of *Davis* v. *Williams*, 148 *Ga.* 765 (98 S. E. 338), appears to be directly in

754

point and controlling of the case at bar in this respect. See *Beall* v. *Bailey*, 45 *Ga.* 300.

■ The trial court did not err in disallowing the amendment and in dismissing the affidavit of illegality. The affidavit originally filed amounted merely to a plea of the general issue and set up no defense to the foreclosure of the mortgage. *Cook* v. *Cobb & Roper*, 22 *Ga. App.* 328 (95 S. E. 1022) ; *Gosa* v. *E. A. Clark & Sons*, 43 *Ga. App.* 310 (158 S. E. 608). This being the case, there was nothing to amend by, and the court did not err in disallowing the amendment. *Bell* v. *Scarbrough*, 68 *Ga. App.* 63 (22 S. E. 2d, 113), relied upon by the plaintiff in error, is distinguishable on its facts from the instant case. Furthermore, the affidavit of McLendon which was attached to the amendment was in the following words: ". . W. T. McLendon, who being duly sworn on oath, deposed and said that the facts and things contained in the foregoing amendment are true; that the same were not omitted from the original affidavit for the purpose of delay, and are not now offered for the purpose of delay." This was not a sufficient compliance with the requirements of the Code, § 39-1005, as held by the trial judge, and this was sufficient ground for disallowing the amendment.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*