33828. Southern Fire & Marine Insurance Company *v.* Liberal Finance Company.

Felton, J. This is a proceeding to have vacated and set aside a judgment rendered in favor of the defendant in error against the plaintiff in error as garnishee in a garnishment proceeding. The court sustained a demurrer to the motion to set aside and dismissed the action and the movant excepts. *Held*:

1. A judgment can not be arrested or set aside for a defect in the record that is amendable as a matter of form, and the return of service reading, "Served summons of garnishment issued upon the within affidavit and bond upon Southern Fire and Marine Insurance Company, by handing same in person to Bill Rogers, agent for said company in his office and place of doing business" was amendable to show that the agent was the agent of the garnishee in charge of its office and business in the county. *Hayes* v. *American Bankers Ins. Co.*, 46 *Ga. App.* 552 (167 S. E. 731). The phrase "in his office and place of doing business" merely shows where the alleged agent was served and was not essential to a valid return of personal service on the agent. No question is presented here as to whether in fact the plaintiff in error had been served as the motion alleges: "Due to an error on the part of petitioner's agent in Atlanta to whom the summons of garnishment before referred to was mailed by Bill Rogers from Gainesville, Georgia, no answer was made to said summons of garnishment."

2. The fact that the surety on the bond was one of the main stockholders, owners and business managers of the corporate principal thereon did not void the bond. *Levin* v. *American Furn. Co.*, 133 *Ga.* 670 (3) (66 S. E. 888).

3. The allegation that the case "was called out of its order, and had it been reached in its order on the calendar and called in its order as provided by law, presumably it could have attracted the attention of some person who would have brought knowledge to this petitioner"

**54**

fails to allege that under Rule 43 of the Superior Court Judges (Code, Ann. Supp., § 24-3343), the judge abused his discretion.

4. The court did not err in sustaining the demurrer to the motion and in dismissing the action.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*

DECIDED DECEMBER 4, 1951.

*Moise, Post & Gardner, Wheeler, Robinson & Thurmond,* for plaintiff.

*C. E. Smith Jr.,* for defendant.