## 34861. KAMP KILL KARE v. LIABASTRE.

Decided November 7, 1953.

*Gilbert E. Johnson, Oscar C. Burnett, James E. McAleer, Jr.,* for plaintiff in error.

*McGowan & McGowan,* contra.

Sutton, C. J. Kamp Kill Kare, a corporation, sued Albert Liabastre in the City Court of Savannah, on an account which was sworn to, and a judgment by default was rendered against the defendant on November 12, 1951. The execution issued on this judgment was levied on described personal property, to which levy the defendant, on March 19, 1952, filed an affidavit of illegality, setting up that the default judgment was void, for the reason that he was never legally served with a copy of the suit, nor did he waive service, or appear and plead to the suit; that he had never had his day in court; and that the debt sued on had been paid before said judgment was rendered. Also, on the same date, he filed a traverse to the entry of service in said suit. The plaintiff filed a traverse to the grounds of the affidavit of illegality at the March term, 1953, of said court, and the case came on for trial at the July term, 1953, at which time the defendant made the following motions: (1) to dismiss the traverse of the plaintiff, (2) to sustain the affidavit of illegality, (3) to sustain the traverse to the service, on the ground that the issues made by the affidavit of illegality not having been heard at the first term, the court was without power and authority to hear the same when brought up for trial at the July, 1953, term of said court. The court sustained these motions, and the plaintiff excepted.

So, the question for determination is whether the trial judge erred in ruling that, after the first term following the filing of the affidavit of illegality, he had lost the power and jurisdiction to hear and determine the issue made by the affidavit of illegality, and in ruling that, after the first term, he must then sustain, as a matter of course, such an affidavit of illegality and set the judgment aside.

The defendant in error contends that, when an affidavit of illegality is filed, it shall be the duty of the court to determine thereon at the first term unless the plaintiff or his attorney desires to controvert the facts contained in the affidavit, in which event an issue shall be joined and tried by a jury at the first term, unless good cause is shown for a continuance; and he contends that, when this is not done, the court does not thereafter have the right or authority to try or pass on such issues. The plaintiff in error contends that the issue raised by an affidavit of illegality to a levy under a fi. fa. stands to be tried at the first term of court after the illegality is filed; but if such issue is not passed on at the first term, the court does not lose jurisdiction of the case, but has the authority to try the case at a later term.

Counsel for both parties cite Code § 39-1006, and each contends that under its provisions his contention should be sustained. That Code section is as follows: "When the levy shall have been made, and affidavit and bond delivered to the officer as herein provided, it shall be the duty of such officer to suspend further proceedings on such execution, and return the execution, affidavit, and bond to the next term of the court from which the execution issued; and it shall be the duty of said court to determine thereon at the first term thereof, unless the plaintiff or his attorney shall desire to controvert the facts contained in said affidavit, in which case an issue shall be joined, which issue shall be tried by a jury at the same term, unless good cause is shown for a continuance."

The defendant in error cites and relies on *McLendon* v. *Lemon*, 79 *Ga. App.* 751 (54 S. E. 2d 437), and *Parker* v. *Rosenheim*, 97 *Ga.* 769 (25 S. E. 763), as being controlling of this question in his favor. An examination of the *McLendon* case will show that the plaintiff in error there contended that the court erred in try-

ing the illegality case at a term of court which convened within a period of less than 20 days from the time the proceeding was returned. This court held that, under the facts of that case, it was triable at the January term, and that the judge did not err in determining the demurrers to the affidavit of illegality at the first term after the illegality was returned into court, notwithstanding that the return was made less than 20 days prior to the first day of such term. In other words, the court held that an issue raised by an affidavit of illegality to a levy was *triable* at the first term after the proceeding was returned, but it did not hold that the court was without power or authority to try or dispose of such issue at a later term.

In *Parker* v. *Rosenheim,* supra, the levy was made on October 11, 1892, and the affidavit of illegality thereto was interposed on December 30, 1892, in which the defendant swore that the execution was "proceeding against deponent illegally, for that no part of said amount is due." At the March term, 1894, the defendant traversed the sheriff's return of service in said suit. The case was tried at the March term, 1895, when the trial judge dismissed the illegality and the traverse. It was there held that the court did not err in dismissing the illegality because it set up no defense, but erred in dismissing the traverse to the return of service, as the issue there raised should have been submitted to a jury. That case does not hold that the court could not try or pass on the illegality after the first term, but the court in that case passed on the demurrer to the merits of the illegality some two or three years after the illegality was filed and returned.

Neither the *McLendon* case nor the *Parker* case is authority for the proposition that the court cannot try or pass on an issue raised by an affidavit of illegality to a levy after the first term of court to which it is filed and returned. A traverse to an affidavit of illegality may be made at any time before the trial of the case. *Jeanes* v. *Mayor &c. of Milledgeville,* 45 *Ga. App.* 755 (165 S. E. 900).

Under the provisions of Code § 39-1006, quoted above, an illegality case is triable at the first term of court after its return; but we do not think this statute means that, if such proceeding is not tried or disposed of at the first term, the court loses jurisdiction of the case and is without the right or authority to dis-

pose of the case at a later term. Where, as in the present case, the issue raised by the affidavit of illegality was not passed on or tried at the first term of court after the return of same was made, and where at a later term the plaintiff filed a traverse to the illegality, and, at still another term, the case was for the first time called up for trial, so far as the record shows; at which time the trial judge sustained the defendant's motion to strike the traverse and sustained the affidavit of illegality on the theory that he did not at that time have the right or authority to try and pass on the issue raised by the illegality, such action on the part of the judge was error. We are of the opinion, and so hold, that, under the law and the facts of this case, the court was vested with authority to try and pass on the merits of this case when it was called up for trial at the July, 1953, term of said court.

*Judgment reversed. Felton and Quillian, JJ., concur.*