36475.   BUSEY *v.* MILAM *et al.*

DECIDED FEBRUARY 22, 1957.

*Clinton J. Morgan, Wright, Rogers, Magruder & Hoyt,* for plaintiff in error.

*Scoggin & Martin,* contra.

GARDNER, P. J. 1. The defendant contends that the traverse of entry of service is legally sufficient to raise the issue of whether or not there has been a legal return of service as required by law. The plaintiff contends that it is not legally sufficient. The defendant calls attention to *Parker* v. *Rosenheim & Co.,* 97 *Ga.* 769 (25 S. E. 763). In that case the traverse to the entry of service was entirely different from the alleged traverse of the entry of service in the instant case. In that case the facts show the following: "The traverse to the sheriff's return of service contained all the essential elements of such a traverse. It denied the truth of the return of service made by the sheriff; alleged that he had never been served in any manner; that he had never waived service, nor appeared or pleaded to said cause. He also alleged the term at which the traverse was filed to be the first term of said court after notice to him of said entry of service. He prayed for a rule requiring the plaintiff and the sheriff to show cause why said return of service should not be vacated and set

aside. This complies with all the requirements of section 3340 of the Code, and raises two questions of fact to be passed upon by a jury: first, whether the traverse was made at the first term of the court after notice of the entry of service and before pleading to the merits; and second, whether the traverse being in time the return of the officer was true or false. . .

"The fact that the defendant knew of the existence of the judgment in October, 1892, when the execution was levied upon his property, and in December, 1892, when he filed his illegality, does not negative his allegation in the traverse of a want of knowledge of the return of service. Knowledge of the existence of a judgment, and ignorance of the existence of a return of service upon the declaration and process whereon the judgment is founded, are not necessarily inconsistent. The traverse raised issues of fact which should have been passed upon by the jury, and the court erred in dismissing the same on motion." As we will hereinafter show more in detail, the facts in that case are in no wise similar to the facts in the instant case.

The next authority called to our attention by the defendant is Code § 81-202 and the portion of that section emphasized by the defendant is: "The officer serving the petition and process shall make an entry of such service upon the original petition and return it to the clerk." In *United States Motor Co.* v. *Baughman Automobile Co.*, 16 *Ga. App.* 783 (1) (86 S. E. 464) it is held: "In the absence of a legal return of service, a court is without jurisdiction to render a judgment by default, and such a judgment may be attacked by affidavit of illegality. If, however, the fact of service appears and the return of the proper officer is merely irregular or incomplete, the return of service should not be treated as no evidence, but should be treated rather as defective proof of the fact of service; and generally the entry of the officer in such case is amendable." *Jones* v. *Bibb Brick Co.*, 120 *Ga.* 321 (3, 4) (48 S. E. 25) states: "If there has been good service, but an irregular or incomplete return, the defect may be cured by an entry making the return conform to the facts, and thus save what is in reality a judgment based on valid service. Such amendment may be made by the officer voluntarily while he remains in commission, or nunc pro tunc by order of the court."

Under these decisions, construing Code § 81-202, it will be found that the facts in those cases as compared to the facts in the instant case do not sustain the contentions of the defendant. We will deal with these questions more fully hereinafter.

The next decision relied upon by counsel for the defendant is *Keys* v. *Keys*, 86 *Ga. App.* 815 (72 S. E. 2d 810). In that case the facts are entirely different from the facts in the instant case, in that the defendant in that case showed there was no entry or return of service. In the instant case there was an entry and a return of service, although it might be that the return of service in the instant case showed an amendable defect. Counsel cites *Dozier* v. *Lamb*, 59 *Ga.* 461, 467. The facts in that case are different from the facts in the instant case. For instance, in that case it is stated: "The particular affidavit now under consideration makes no allusion to any return. It contains no intimation that any return was ever made. It denies the fact of service, and affirms that the defendant did not know of the suit until long after the judgment was rendered." Our attention is called to *Rawlings* v. *Brown*, 15 *Ga. App.* 162 (82 S. E. 803) wherein it is held: "Where an affidavit of illegality alleged that the defendant was never served with process or any notice whatever of the pendency of the suit whereon the execution was based, the court did not err in refusing to allow it to be amended by a traverse, offered after several terms of court had intervened, which denied the truth of the deputy sheriff's entry of service by alleging that service was not in fact made by the deputy sheriff or by any other officer authorized to make a return of service; nor did the court err in thereafter dismissing the original affidavit of illegality." *Webb* v. *Armour Fertilizer Works*, 21 *Ga. App.* 409 (94 S. E. 609) cited by counsel for the defendant, shows different facts from those of the case at bar and is not applicable.

2. We come next to consider the contentions of the plaintiff that the court erred in not striking the alleged traverse of entry of service. In the instant proceedings there is no dispute that Joe Adams is Sheriff of the Superior Court of Floyd County and Alton White is deputy sheriff of that court. In *Seaboard Air-Line Ry.* v. *Davis*, 13 *Ga. App.* 14 (78 S. E. 687) this court said: "The return of the officer is but evidence of service. It is the

fact of service that gives the court jurisdiction of the defendant, and not the entry of the officer. It is, of course, necessary, before the court can proceed, to have before it evidence of service. But the return of service itself is not jurisdictional." In *Tennessee Chemical Co.* v. *Harper*, 30 *Ga. App.* 789 (119 S. E. 448) it was held, as has been held many times, that a return of service is not void even if imperfect or incomplete, but such defect may be cured by amendment, and such relates to the time of the original entry and for that reason all of the proceedings taken subsequent to the original entry are valid and are to be considered the original return. See *Southern Express Co.* v. *National Bank of Tifton*, 4 *Ga. App.* 399 (3) (61 S. E. 857) wherein this court said: " 'In its last analysis it is the fact of service, rather than the proof thereof by the return, which is of vital importance.' Any amendment of the return which makes it speak the truth can be made; and when so amended, it relates back to the date of service, and is to be considered the initial return." In *Jones* v. *Bibb Brick Co.*, 120 *Ga.* 321, supra, at page 327, the Supreme Court held: "Under the authorities, therefore, it is evident that the defective return might have been amended to conform to the facts, and that such amendment when made would have related back so as to make the record complete and the judgment perfect. But it may be claimed that here the defect was never cured, since no amendment was ever made. None was necessary. Whatever may be the rule in ordinary cases, both the allegations and the silence of this motion make it certain that the garnishee had been duly served. The presumption in favor of the validity of judgments and all the analogies of the law tend to sustain the proposition that a judgment once rendered can only be successfully attacked by proof that it is void. . . Even the amended motion which for the first time made the attack on the officer's return was fatally defective, because, under the rule requiring pleadings to be strictly construed against the pleader, its silence on the subject must be treated as an admission that Moore was an agent in charge." The facts and principles of law involved in that case are analogous to the facts and principles of law involved in the instant case. That case is based on Code § 110-705 which reads: "A judgment may not be arrested or set aside for

any defect in the pleadings or record that is aided by verdict or amendable as matter of form." In accordance with that Code section see *Southern Fire &c. Ins. Co.* v. *Liberal Finance Co.*, 85 *Ga. App.* 53 (68 S. E. 2d 185).

The purported traverse does not deny the fact of service, and the contention that this defendant has never been served legally is a mere conclusion unsupported by allegations of fact. It will be noted that Code § 39-103 provides: "The officer making a levy shall enter the same on the process." In the construction of this Code section in *Vickers* v. *Hawkins*, 128 *Ga.* 794, 798 (58 S. E. 44) and in *Cooney* v. *City of Atlanta*, 136 *Ga.* 118 (2) (70 S. E. 950) the same principle was upheld on a collateral issue, i. e., levy.

3. We have cited authorities which show conclusively that the service and entry of service was not void. We now consider the contention of the defendant that he brought the alleged traverse of service at the next term after the judgment was rendered for the plaintiff, because he alleged that that was the first knowledge that he had of the alleged service. From this the defendant concludes that he has authority to file the alleged traverse. The same day that the process of service was handed to the sheriff by the clerk, the service was made by leaving a copy of the petition and process at the defendant's legal residence. If the service was not void, but involved an amendable defect only, the subsequent proceedings (that is, the judgment rendered in favor of the plaintiff) could not be attacked by the defendant. This is for the reason that leaving a copy of the petition and process at the defendant's legal residence is service on him at the time the petition and the process was left at his legal residence. It matters not whether or not he visited his home from that time to the time of the convening of court. See *Venable* v. *Long Realty Co.*, 46 *Ga. App.* 803 (169 S. E. 322), *Ketchum* v. *Ketchum*, 191 *Ga.* 140, 142 (11 S. E. 2d 788), and *Carroll* v. *Muller*, 31 *Ga. App.* 209 (120 S. E. 548). When the copy of the petition and process was left at the defendant's legal residence it had the same effect as if the sheriff had handed the copy of the petition and process directly to the defendant in person. Therefore, the contention of the defendant that he filed his alleged traverse at the next term of

court after the judgment for the plaintiff had been rendered because he had no knowledge of it before that time has no merit.

The court erred in the judgment in favor of the defendant.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*