36754. MILAM *v.* BUSEY *et al.*

DECIDED JUNE 17, 1957.

*Scoggin & Martin,* for plaintiff in error.

*Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan,* contra.

GARDNER, P. J. A trial judge has the power, in the exercise of his sound discretion, during the term of court at which a judgment is rendered, to revise, revoke, or vacate it for the purpose of promoting justice. See *Lawson* v. *Haygood,* 202 *Ga.* 501 (3) (43 S.

E. 2d 649), *Tyler* v. *Eubanks,* 207 *Ga.* 46 (60 S. E. 2d 130), and *Bandy* v. *Smith,* 211 *Ga.* 192 (84 S. E. 2d 449). In *Deen* v. *Baxley State Bank,* 192 *Ga.* 300, 303 (15 S. E. 2d 194) this court said: "A motion to set aside and vacate a judgment can not be determined by any fixed rule, but depends on the circumstances of the case, and exercise of the power to vacate a judgment rendered during the term will not be controlled on review, unless abused." See also *Union Compress Co.* v. *A. Leffler & Son,* 122 *Ga.* 640, 642 (50 S. E. 483). The plaintiff must show due diligence to protect his interest. See *Beddingfield* v. *Old National Bank &c. Co.,* 175 *Ga.* 172 (165 S. E. 61).

So far correct principles of law have been enunciated, but have they any bearing on the instant case? It is our opinion that the law is that a judgment may be set aside only where a party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud, or accident, or the act of the adverse party, not mixed with fraud or negligence on his part. See Code § 37-220, and *Johnson* v. *Johnson,* 210 *Ga.* 795 (82 S. E. 2d 831). The only allegation of the plaintiff in the instant case is that he had no notice of the suit against him. This court has already decided that the plaintiff was properly served. See *Busey* v. *Milam,* 95 *Ga. App.* 198 (97 S. E. 2d 533). The plaintiff has not pleaded the basis of a legal right to have the judgment set aside. See *Bank of Doerun* v. *Fain,* 148 *Ga.* 799 (98 S. E. 467). In addition to the decision of this court when this case was here before, there are many other decisions of our appellate courts to the same effect. See *Venable* v. *Long Realty Co.,* 46 *Ga. App.* 803, 804 (169 S. E. 322), *Lucas* v. *Wilson,* 67 *Ga.* 356 (1), *Moye* v. *Walker,* 96 *Ga.* 769 (1, 3) (22 S. E. 276), and *Lanier* v. *Nunnally & Co.,* 128 *Ga.* 358 (57 S. E. 689).

The court did not err in sustaining the demurrer and in dismissing the petition.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs in the judgment.*