### 49452. TROLLINGER v. MAGBEE LUMBER COMPANY, INC.

QUILLIAN, Judge.
The appellee filed an action against the appellant on an open account. The jury returned a verdict for the

appellee. An appeal was then taken to this court. *Held:*

1. The appellant contends that the evidence was not sufficient to support the verdict. While in conflict, there was evidence that the defendant went to the appellee's office and discussed the purchase of building materials with Mr. Magbee, an officer of the appellee; that Mr. Magbee told the appellant that he would extend credit to him for the materials but that he would not extend credit to Mr. Parker who was building a house for the appellant. Mr. Magbee testified that he prepared the invoices for the materials which were sold to the appellant. Most of the invoices were addressed to the appellant and some were addressed to the appellant and Mr. Parker. Mr. Magbee stated the amount of the invoices and the amount which was due. The appellee also introduced ledger cards which Mr. Magbee stated were prepared under his supervision by the only other employee in the appellee's office. There was evidence sufficient to support the jury's verdict.

2. The first enumeration of error argues that it was error for the trial judge to allow the invoices and ledger cards to be introduced in evidence. This contention is without merit. The evidence referred to in division one of this opinion together with the remainder of the transcript of the evidence supported the trial judge's determination that the records were made in the regular course of business and admissible under the terms of Code Ann. § 38-711 (Ga. L. 1952, p. 177).

3. Enumeration of error number 2 contends that the trial judge failed to charge the jury on the legal definition or meaning of an open account. This objection was not made at the conclusion of the charge and therefore will not be here considered. Code § 70-207, as amended (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078).

4. The appellant's enumeration of error number 4 states that the appellee had previously obtained a judgment against Mr. Parker on the same account in a different court. The appellant argues that the account was a joint obligation of the appellant and Parker and therefore the previous judgment against Parker would bar the present action. However, the appellant testified

that he did not have a contract with the appellee and he had stated to Mr. Magbee that he would not be responsible for the materials. The fact that the appellee had obtained a judgment against Mr. Parker for the same material would not bar the present action. "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." Code § 3-114, as amended (Ga. L. 1967, pp. 226, 247); *Newby v. Maxwell,* 121 Ga. App. 18 (172 SE2d 458).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED MAY 28, 1974 — DECIDED JUNE 26, 1974.

*Mackay & Elliott, James A. Mackay, Thomas W. Elliott,* for appellant.

*Katz, Paller & Land, Fred L. Cavalli,* for appellee.