51723. SMITH v. EMORY UNIVERSITY et al.

MARSHALL, Judge.

Mrs. Smith appeals the trial court's denial of her motion to vacate an order discharging three parties defendant from her malpractice complaint. It appears from the record that Mrs. Smith's counsel expressly stipulated to the discharge of these defendants presumably on the grounds that the statute of limitation had run as to them. Mrs. Smith based her motion to vacate on the ground that her attorney's agreement to discharge. these defendants from her lawsuit was without her consent and over her objection. *Held:*

While there may have been some question as to whether the statute of limitation had run as to these defendants ((see Ga. L. 1966, pp. 609, 627, as amended by Ga. L. 1972, pp. 689, 694); Code Ann. § 81A-115 (c); *Sam Finley, Inc. v. Interstate &c. Ins. Co.,* 135 Ga. App. 14 (217 SE2d 358); 3 Moore's Federal Practice § 15.15 (4); 6 Wright & Miller, Federal Practice and Procedure: Civil § 1498.)), her attorney's decision to have them discharged is binding on her. Ga. L. 1957, p. 495 (Code Ann. § 9-605). See *Petty v. Complete Auto Transit,* 215 Ga. 66 (1) (108 SE2d 697); *Dixon v. Dixon,* 204 Ga. 363 (49 SE2d 818); *Stone Mtn. Confederate Assn. v. Smith,* 170 Ga. 515 (153 SE 209). There being no evidence in the record of any fraud, collusion, accident, mistake or violation of express direction, the trial court's discretion in refusing to vacate its order will not be disturbed. See *Deen v. Baxley State Bank,* 192 Ga. 300, 303 (15 SE2d 194); *Milam v. Busey,* 96 Ga. App. 88, 90 (99 SE2d 325).

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

ARGUED JANUARY 9, 1976 — DECIDED FEBRUARY 10, 1976 — REHEARING DENIED FEBRUARY 25, 1976 — 

Ruby Louise Smith, *pro se.*
T. M. Smith, Jr., Robert G. Tanner, for appellees.