## 56304. SMITH v. NATIONS.

McMURRAY, Judge.

This is a malpractice or breach of contract case by and between a client, as plaintiff, against her attorney at law. Plaintiff, who originally had a medical malpractice or wrongful death action in the superior court, employed defendant as her attorney, allegedly to defend a motion for summary judgment brought by a number of defendants seeking dismissal of the complaint. She alleges that the defendant, instead of defending the motion for summary judgment, agreed to a consent order with opposing counsel which dismissed three of the defendants in said action. She appealed that action pro se which was affirmed in *Smith v. Emory University,* 137 Ga. App. 785 (225 SE2d 63).

Defendant answered this complaint admitting that he had been retained to represent her interest in the malpractice claim charging her $250 retainer fee "for his initial conference with plaintiff and/or plaintiff's representatives and to examine the circumstances surrounding the summary judgment motion then pending." Defendant denied that he was negligent in consenting to dismiss three of the defendants, contending further that these defendants were barred by the expiration of the statute of limitations and further, the consent order was taken only with the permission of plaintiff and her representatives.

The case proceeded to trial resulting in a verdict for the defendant. A motion for new trial was filed and denied, and plaintiff appeals. *Held:*

1. Plaintiff enumerates as error the denial of her motion for new trial, the portion of the trial court's charge

to the jury that, "they could not find a sum of money for the Appellant unless they found the Appellee breached the contract (this was given to the jury by way of a note and does not show in the record or T. E.)," and in denying plaintiff's motion to allow her daughter-in-law "to present her case for trial."

Plaintiff only argues the denial of a motion for new trial insisting that the court should set aside a verdict in consequence of corrupt and wilful perjury, and that her daughter-in-law had a power of attorney to act in her behalf in the lower court, hence the court erred in refusing this request.

There has been no showing that the witnesses committed perjury either in the original trial or on the hearing of the motion for new trial. There was testimony that the plaintiff by and through her daughter-in-law had instructed the defendant not to consent to the entry of judgment in favor of the three defendants in the malpractice case, whereas the defendant testified that plaintiff by and through her daughter-in-law had consented to his proposed action of agreeing to a dismissal of three of the four defendants in the malpractice suit. The evidence was therefore conflicting as to whether or not the defendant had violated express direction in his express stipulation and agreement with opposing counsel that "defendants' Motion for Summary Judgment is granted as to all defendants except Charles E. Dowman, M. D." Emory University d/b/a Crawford W. Long Memorial Hospital, Peter D. Walz, M. D. and DeKalb County Hospital Authority d/b/a DeKalb General Hospital were dismissed as party defendants (affirmed in *Smith v. Emory University,* 137 Ga. App. 785, supra). The verdict of the jury is amply supported by the evidence and no error of law being otherwise inserted in the motion for new trial the trial court did not err in denying same. *Marlow v. Burns,* 209 Ga. 255 (71 SE2d 520); *Williams v. State,* 237 Ga. 399, 400 (228 SE2d 806); *Trollinger v. Magbee Lumber Co.,* 132 Ga. App. 225, 226 (1) (207 SE2d 701); *McLendon v. Reynolds Grocery Co.,* 160 Ga. 763 (6) (129 SE 65).

2. At the completion of the instructions to the jury and in accordance with Code Ann. § 70-207 (a) (Ga. L.

1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078) the trial court gave the plaintiff an opportunity to complain or make "any objection to the charge," at which time plaintiff replied that she had no objection. Since no objection to the charge was made at the conclusion of the instructions to the jury an exception thereto cannot be made at this time. See *Trollinger v. Magbee Lumber Co.,* 132 Ga. App. 225, 226 (3), supra.

3. At the request of the plaintiff the trial court allowed plaintiff's daughter-in-law to assist her by sitting with her and conferring with her during the trial since there was "no objection on behalf of the defendant." The court did express the opinion that the law provides that since she was not a member of the Bar she was not entitled to represent the plaintiff and, "it is strictly improper for her to do it." Under the ruling of the court it is not clear whether the court restricted the daughter-in-law in any manner in representing the plaintiff who incidentally examined the daughter-in-law as a witness. However, the plaintiff pro se examined the witnesses, including herself as a witness and waived the opening argument and gave the closing argument. At no time did she further request or did the daughter-in-law attempt to further represent her except by conferring with her at the counsel table. If in fact, the trial court did limit the representation of the plaintiff by the daughter-in-law no further request was made of him after he ruled that she could sit with the plaintiff and confer with her "and participate in this case somewhat under these unusual circumstances." Under Code Ann. § 9-401 (Ga. L. 1937, pp. 753, 754; 1976, p. 1511) and rules of the State Bar of Georgia as adopted by the Supreme Court of Georgia, as amended (see 238 Ga. 746, Part II, Ch. 1, Rule 2-101), only those persons admitted to the Bar or licensed as an attorney to practice law in this state may practice. But, in any event, under the ruling made by the trial court it does not appear that the court restricted the daughter-in-law in any manner in assisting the plaintiff. If plaintiff thought that the ruling did restrict her in any respect a further ruling should have been requested of the court with respect to same. The trial court did not err in denying the plaintiff's motion to allow her daughter-in-law "to present her case for trial."

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 5, 1978 — DECIDED OCTOBER 18, 1978.

Ruby Louise Smith, *pro se.*
Hurt, Richardson, Garner, Todd & Cadenhead, J. Robert Persons, Emily S. Bair, for appellee.