59077, 59078. BENTLEY v. THE STATE (two cases).

SHULMAN, Judge.

Defendant appeals the revocation of his probation, contending that the state failed to produce any evidence of his violation of the terms of his probation. We affirm the judgment of the trial court.

1. The revocation of defendant's probation was premised upon his conviction of the offense of theft by conversion. Even assuming, as defendant argues, that proof of defendant's guilt was not established beyond a reasonable doubt, "[r]evocation of probation does not require proof sufficient to sustain a criminal conviction. [Cit.]" *Johnson v. State,* 142 Ga. App. 124, 125 (235 SE2d 550), affd. 240 Ga. 526 (242 SE2d 53).

Moreover, in support of a finding of guilty (and the revocation of defendant's probation), evidence adduced at trial showed that appellant, employed as a truck driver, began his route with a properly inventoried load of goods; that he misrepresented his location to the dispatcher; that he was located several days later through information received from his wife; that when he was located, goods were missing from the truck; that defendant had the key to the trailer and the lock apparently had not been tampered with; and that the missing goods were subsequently recovered from a woman in the same general locality as the defendant, which woman's name had been obtained from defendant's wife. In view of the inculpatory evidence, we must conclude that the court was authorized to revoke defendant's probation. See, e.g.,

*Dickerson v. State,* 136 Ga. App. 885 (222 SE2d 649); *Hammond v. State,* 139 Ga. App. 365 (228 SE2d 386).

2. Contrary to appellant's contention, the bill of lading (and other business documents) admitted into evidence were shown to have been kept in the ordinary course of business. See, e.g., *Daniel v. Dixie Plumbing Supply Co.,* 112 Ga. App. 427 (2) (145 SE2d 796); *Trollinger v. Magbee Lumber Co.,* 132 Ga. App. 225 (2) (207 SE2d 701). The fact that the witness may not have had personal knowledge of the correctness of the documents or have actually made them himself does not render them inadmissible under Code Ann. § 38-711. *Welborn v. State,* 132 Ga. App. 207 (4) (207 SE2d 688); *Smith v. Bank of the South,* 141 Ga. App. 114 (232 SE2d 629).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED JANUARY 7, 1980 — DECIDED JANUARY 21, 1980 — REHEARING DENIED FEBRUARY 12, 1980.

*Jack F. Witcher,* for appellant.

*W. A. Foster, III, District Attorney, Dan Sammons, Assistant District Attorney,* for appellee.