McDONALD *v.* TUTTY.

*Simmons, C. J.*—The mere fact that a declaration was not filed in court the full number of days prescribed by law before the term to which it was made returnable, does not render a judgment therein taken by default at the next succeeding term void, the defendant having been duly served before the appearance term and not having then, or at any time thereafter, made any objection to the return of the case as stated or any motion to have it made returnable to the proper term.     *Judgment reversed.*

June 18, 1896. By two Justices. Argued at the last term.

Petition for injunction.    Before Judge Falligant.    Liberty county.    January 27, 1896.

Jordan sued Tutty on December 23, 1891, in Liberty county court.    The clerk annexed a process returnable to the next quarterly session of that court, which convened on January 10, 1892.    Service was made, December 26, 1891, by leaving a copy at the most notorious place of abode of Tutty.    At the succeeding April term of the county court, judgment by default was taken, Tutty having neither appeared nor pleaded.    Execution issued and was levied on land which was regularly advertised and sold thereunder, with the knowledge of Tutty; McDonald becoming the purchaser at the sale, in good faith and without notice of any defect in the judgment.    To a petition subsequently brought by him to restrain Tutty from cutting timber on the land, Tutty set up (among several defences which were overruled by the judge) that the judgment on which the sale was founded was void, and that McDonald acquired no title by his purchase.    This contention was sustained, and the injunction denied.

*A. S. Way*, for plaintiff.
*A. A. Lawrence*, for defendant.