# REYNOLDS *v.* ATLANTA NATIONAL BUILDING AND LOAN ASSOCIATION.

The plaintiff, a building and loan association, having sued the defendant for the sum of $5,478.50, as principal, the same consisting of $5,000 it had loaned him in cash, together with various amounts in the nature of interest, premium and fines, falling due monthly; and having obtained a verdict for the sum first named, as principal, with interest thereon from a date subsequent to that upon which the last default in making the monthly payments had occurred, there was no error in overruling a motion to set aside a judgment entered upon and following the terms of this verdict; the only grounds of the motion being that "the suit upon which said judgment is based is on what purports to be a bond, and the amount of the same is $5,000," and that "said judgment bears interest against the defendant on both principal and interest, which renders it illegal and void."

Submitted June 3,--Decided July 7, 1897.

Motion to set aside judgment. Before Judge Reid. City court of Atlanta. November term, 1896.

*Robert J. Jordan,* for plaintiff in error.
*Malcolm Johnston,* contra.

LUMPKIN, P. J. The Atlanta National Building & Loan Association brought an action against Reynolds, one of its members, alleging in its petition that he was indebted to it in the sum of $5,478.50, besides interest. The petition distinctly alleged that all of this gross amount was due as "principal," consisting of $5,000 which had been loaned to the defendant in cash, and various other sums, in the nature of interest, premium and fines falling due monthly according to the by-laws and regulations of the association, and which he had promised to pay. Attached to the petition was an account setting out these items, which aggregated $5,478.50. A verdict was rendered in the plaintiff's favor for the sum first above named, as principal, with interest thereon from a date subsequent to that upon which, according to the allegations of the petition, the last default in making the monthly payments had occurred. The plaintiff further alleged in its petition that the defendant had given to it a bond· in the sum of $10,000, conditioned for the faithful performance of his contract with the association. In the view we take of the .case, however, a further statement as to the nature of this instrument is unnecessary and immaterial.

It will have been observed that the plaintiff, in its petition, claimed that the defendant was indebted to it in the sum of $5,478.50 as principal, and it obtained a verdict accordingly. To this action the defendant filed no defense whatsoever. We shall not, therefore, undertake to decide what sort of an action the plaintiff ought to have brought against him, or what defense the latter might have set up to the action as actually brought, had he elected to contest the plaintiff's alleged right to recover. We are simply called upon to deal with the case as we find it, and to pass upon the question whether, for any reason urged by the plaintiff in error, the judgment entered was unauthorized by the verdict rendered. It seems clear that, as the judgment strictly followed the terms of the verdict, it was entered conformably to law. The motion to set it aside rested upon only two grounds: first, that "the suit upon

which said judgment is based is on what purports to be a bond, and the amount of the same is $5,000"; and, second, that "said judgment bears interest against the defendant on both principal and interest, which renders it illegal and void."

The first of these grounds is not well founded in fact. The suit was not upon the bond, but upon an account stated, and the mention of the bond in the petition was merely by way of inducement and as constituting a portion of the narrative of the facts upon which the alleged indebtedness arose. Besides, even had the suit been upon the bond, this ground could avail the plaintiff in error nothing. Presumably, though he does not clearly or properly raise the objection, he intended to attack the judgment on the ground that it was for more than the face of the bond, which is not, in point of fact, true; for, as the record before us discloses, the bond was not for $5,000 merely, but for $10,000.

Neither is the complaint set forth in the second ground of his motion well taken. The judgment does not bear interest upon both "principal and interest," as alleged by him, but upon principal only; and it certainly works no injustice to the defendant for the entire principal to bear interest from a date subsequent to that upon which the last maturing item in the account composing this principal became due and payable.

*Judgment affirmed. All the Justices concurring.*