## REYNOLDS v. ATLANTA NATIONAL BUILDING AND LOAN ASSOCIATION.

The grounds of the affidavit of illegality in this case being entirely without merit, the demurrer thereto was properly sustained.

Argued May 16, — Decided June 8, 1898.

Affidavit of illegality. Before Judge Reid. City court of Atlanta. November term, 1897.

*Robert L. Rodgers*, for plaintiff in error.
*Malcolm Johnston*, contra.

SIMMONS, C. J.    When this case was here before (101 *Ga.* 596), this court held that the judgment was legal, and sustained the trial judge in overruling a motion, made by this same plaintiff in error, to set it aside.    To the execution issued upon the judgment an affidavit of illegality was filed, containing nine grounds, every one of which is entirely without merit. All which seem to have in them a trace of merit seek to set up defenses which should have been taken before judgment.    After judgment, approved by this court, it was too late to insist upon grounds of defense which should have been taken before judgment.

The first ground of the illegality complains that the return of service by the sheriff shows that the writ was served upon the defendant by leaving it "at his most notorious place of abode" instead of at his "residence."    If there could possibly be any objection to this return of service, it should have been made by a traverse at the first term after defendant had notice of such service.    In the case of *Lucas* v. *Wilson*, 67 *Ga.* 356, however, this court has held that such a return is sufficient. Even were this not true, this ground of the affidavit is fatally defective in that it fails to negative the fact that the defendant did in fact receive the copy of the writ thus served upon him. The next ground of the affidavit is equally without merit.    It is based on the proposition that the city court of Atlanta could not render judgment in this case because it involved the title to land.    This court and every other court that has ever passed upon this subject have held that the foreclosure of a mortgage or the rendering of a special judgment upon land does not involve title to land.    The next ground complains that service was not made a sufficient length of time before the term of court to which the suit was returnable.    If there was any merit in this ground originally, it should have been taken advantage of before judgment.    *McDonald* v. *Tutty*, 99 *Ga.* 184.    Another ground is, that the deed made by the association to the defendant and filed for record in the clerk's office, in order that a levy might be made on the land, was defectively executed, in that such deed is typewritten, that the name of the corporation is typewritten, that the word "President," above which the name

of the president of the corporation appears "written with pen in hand and ink," is typewritten, that the word "Secretary," below the name of the secretary, is also typewritten, and that the deed, therefore, does not appear to be " duly signed officially by proper official signature of the proper name of the Association by the proper officers as such officers." If it were possible, this ground contains less merit than any of the others, and shows what a small thing a debtor, embarrassed by a levy upon his property, will seize upon to stay the execution. It would be useless consumption of time to discuss the other grounds of the affidavit. They are as completely without merit as those already noticed. The affidavit was demurred to, and the court below sustained the demurrer. In so doing, no error was committed.        *Judgment affirmed.    All the Justices concurring.*