13081.  ALSBERG & COMPANY INCORPORATED *v.* HARPER MANUFACTURING COMPANY.

Parts of depositions of a witness having been introduced in evidence by the plaintiff, the court did not err in allowing the defendant to introduce other parts and in ruling that this testimony should be considered as evidence of the plaintiff.

A nonsuit was properly granted, the material allegations of the petition not having been proved by the evidence introduced by the plaintiff.

DECIDED MARCH 9, 1922. REHEARING DENIED APRIL 11, 1922.

Complaint; from city court of Floyd county — Judge Nunnally. September 24, 1921.

Application for certiorari was denied by the Supreme Court.

*Willingham, Wright & Covington,* for plaintiff.

*Maddox, Lipscomb & Matthews,* for defendant.

LUKE, J. This suit was brought under section 4131 of the Civil Code (1910), to recover the contract price of certain goods, and it was alleged that under the provisions of this section the goods were stored by the plaintiff for the defendant and held subject to the defendant's order. Upon the trial the plaintiff introduced in evidence certain parts of the depositions of a witness, and thereupon the court allowed the defendant, over the objections of the plaintiff, to read to the jury other parts of the depositions, and ruled that this testimony should be considered as evidence of the plaintiff. The court did not err in so ruling. *Reed* v. *Travelers Ins. Co.,* 117 *Ga.* 116, 119 (2) (43 S. E. 433). The evidence introduced by the plaintiff failed to prove the material allegations of its petition. This being true, the court properly granted a nonsuit.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*