22700. VENABLE *v.* LONG REALTY COMPANY *et al.*

DECIDED MAY 3, 1933.

*Branch & Howard, John I. Kelley, E. L. Tiller,* for plaintiff in error. *Bryan, Middlebrooks & Carter,* contra.

SUTTON, J.  S. H. Venable, a bachelor, 76 years old, lived with his sister, Mrs. Mason, during eight or nine months of each year at her residence at 1410 Ponce de Leon Avenue in DeKalb County. During the summer, for three or four months, Mrs. Mason lived at her country home in said county at Stone Mountain, and each year, when she moved out there, S. H. Venable moved with her and lived there until they returned to the Ponce de Leon Avenue place in the fall of the year. A negro servant stayed at the Ponce de Leon Avenue place during the summer months, kept the house open, and looked after the same. The Long Realty Company sued Venable on a certain note, the suit being returnable to the July term, 1931, of the city court of Decatur. At the time this suit was filed, the defendant was living with his sister at Stone Mountain. A copy of the petition and process was served upon the defendant on July 3, 1931, by a deputy sheriff by leaving the same at 1410 Ponce de Leon Avenue, and the officer made the following entry of service: "I have this day served the defendant S. H. Venable, by leaving a copy of the within writ and process at his most notorious place of abode in this county." At the July term, 1931, of said court, there being no appearance for the defendant or pleadings filed for him, the case was marked in default and a verdict and judgment were rendered against him on July 22, 1931. On August 28, 1931, the defendant filed a traverse to the return of service, denying that any copy of the petition and process had been left at his residence or most notorious place of abode. On the trial of the traverse the above facts appeared. It further appeared that the defendant did not know of

the suit filed against him "until just prior to August 27, 1931." It further appeared that the plaintiff served the notice for attorney's fees upon the defendant in person at the Stone Mountain home, in which notice it was stated that suit would be brought on the note to the July term, 1931, of said court. The only evidence introduced on the trial of the traverse was the return of service made by the deputy sheriff, and the testimony of the defendant, S. H. Venable. The defendant rested, and the plaintiff introduced no evidence, but moved to dismiss the traverse on the ground that under the evidence the defendant failed to prove the facts alleged in the traverse, and that the evidence showed that the service was legal service. The court sustained this motion and dismissed the traverse, and to this judgment the defendant excepts.

Leaving a copy of the petition and process at the residence of the defendant is sufficient service upon him. Civil Code (1910), § 5563. In cases originating in the superior and city courts of this State, the Supreme Court has held that service of process by leaving a copy of the suit and process at the most notorious place of abode of the defendant is a sufficient compliance with the above section of the Code, although the defendant is absent and may never see the copy of the suit and process until it is too late to file his defense. *Jones* v. *Tarver*, 19 *Ga.* 283; *Water Lot Co.* v. *Bank*, 30 *Ga.* 685; *Lucas* v. *Wilson*, 67 *Ga.* 356; *Reynolds* v. *Atlanta National B. & L. Asso.*, 104 *Ga.* 703, 704 (30 S. E. 942). Where one has no family, the place where he generally lodges shall be considered his domicile. Civil Code (1910), § 2181. If a person leaves the place of his domicile temporarily, or for a particular purpose, and does not actually remove to another place with the intention of remaining there indefinitely, he will not be considered as having changed his legal residence. *Worsham* v. *Ligon*, 144 *Ga.* 707, 711 (87 S. E. 1025); *Bush* v. *State*, 10 *Ga. App.* 544, 546 (73 S. E. 697). The fact that a person is not at the usual place of his residence or where he generally lodges at the time he is sued, and that service of the process is made by leaving a copy at such usual place of abode, does not render the service insufficient to meet the requirements of the above section of the Code, even though he does not find out that the suit has been filed until sometime later and after a judgment by default has been obtained by the plaintiff. *Fain* v. *Crawford*, 91 *Ga.* 30 (16 S. E. 160); *Burbage* v. *American National Bank*, 95

*Ga.* 503 (20 S. E. 240) ; *Moye* v. *Walker,* 96 *Ga.* 769; *Peacock* v. *Collins,* 110 *Ga.* 281 (34 S. E. 611) ; *Knight* v. *Bond,* 112 *Ga.* 828 (38 S. E. 206). In *Burbage* v. *American National Bank,* supra, it was held that "When one and his family are temporarily absent from the city and county of his permanent residence, by reason of the prevalence of an epidemic, he is still subject to suit by ordinary action in the superior court of that county, and service of process upon him may be effected by leaving a copy of the same at his residence during his absence." In the case of *Knight* v. *Bond,* supra, the Supreme Court said: "It would be immaterial, of course, whether such a stay was for one month, or two, or three, or any other number of months, provided it did not become so extended as that, in connection with other circumstances, it could be reasonably inferred that there was an actual intention to make a change of domicile. Who would say that a young man having permanent employment in the city of Atlanta had acquired a domicile in Rabun county simply because he went to Tallulah Falls for a summer outing, and actually spent ten or twelve weeks in one of the hotels at that resort? It can not, we think, be seriously questioned that before a single man who has an undoubtedly fixed and established domicile may be said to have changed it, there must be some evidence of an intention so to do." So; applying the foregoing principles, where a bachelor lives with his sister at her residence on a named street in a county during eight or nine months of each year, and where he moves with her to her summer home in another part of the county, living with her at this place during three or four of the summer months of each year, the former place constitutes the usual residence and general lodging place of the bachelor, and a copy of a petition and process in a suit instituted against him in such county may be served by leaving the same at such former place, even though at the time he was temporarily living at the summer home of the sister in another part of the county.

While ordinarily the question of domicile, residence, and change of residence is one for determination by a jury under the evidence in a case, this is only so where the evidence is conflicting. See *Forlaw* v. *Augusta Naval Stores Co.,* 124 *Ga.* 261, 271 (52 S. E. 898). In the instant case the evidence was undisputed as to the fact that the defendant lived the greater part of the time at one place in the county and the other part at another place in the county, and as

to purpose and intention of the defendant in moving from one place to the other.

It follows that the court correctly sustained the motion to dismiss the traverse in this case.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., concurs specially.*