## 60993. BIBLE FARM SERVICE, INC. v. HOUSE HASSON HARDWARE COMPANY.

DEEN, Presiding Judge.

Appellee, a wholesale hardware distributor, filed suit against appellant, a hardware retailer, to recover an alleged $4,140.60 indebtedness due on open account. Appellant responded denying liability for that amount and asserting two counterclaims. From an order granting appellee summary judgment in the case-in-chief and dismissing both counterclaims appellant files this appeal.

"Code Ann. § 81A-156 (e) provides in part that 'When a motion for summary judgment is made . . . an adverse party may not rest . . . [on] his pleading, but his response . . . *must* set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, *shall* be entered against him.' (Emphasis supplied).

"It is thus seen that it is the duty of each party at the hearing on the motion for summary judgment to present his case in full. *Crutcher v. Crawford Land Co.,* [220 Ga. 298 (138 SE2d 580) (1964)]; *Studstill v. Aetna Cas. &c. Co.,* 101 Ga. App. 766 (115 SE2d 374) [1960]." *Summer-Minter & Assoc., Inc. v. Giordano,* 231 Ga. 601, 604

(203 SE2d 173) (1974).

### 1. *Case-in-chief.*

Appellant admitted through its President and Secretary-Treasurer that it owed appellee $3,021.58. Appellee demonstrated that the difference between that amount admitted and the $4,140.60 appellee sought was equal to the sum of service charges that had accrued on appellant's past due account. Appellant's President further admitted under oath that the account was a year and a half to two years old and that he had examined appellee's invoices reflecting the accrued service charges and was aware that appellant was being billed for them. Appellant has argued no defense on appeal to its liability for the service charges, nor does it appear from the record that any was urged below. Accordingly, we find no error in the trial court's grant of summary judgment in favor of appellee for the total amount sought.

### 2. *Appellant's first counterclaim.*

Appellant alleged in its first counterclaim that appellee had breached a contract to provide appellant with $10,000 worth of hardware for a special Fall sale. Appellant further alleged that appellee had agreed that the purchase price for said hardware would be payable on an extended credit basis and that appellee forwarded to appellant several thousand circulars advertising the sale which were printed at appellant's expense but were rendered useless by appellee's failure to provide appellant with the subject merchandise. Appellant sought $4,000 as damages for lost anticipated profits and an additional $2,000 damages for expenses incurred in printing and storing the sale circulars, in hiring extra employees for the sale, and in rearranging merchandise in preparation for the sale.

Reading the evidence in a light most favorable to appellant, the record reflects (i) that appellant decided not to participate in the subject sale and so informed appellee, (ii) that appellee mistakenly shipped several thousand sale circulars to appellant, which appellant stored on its premises for an uncertain period of time before appellee picked them up, (iii) that none of the circulars were distributed by appellant, (iv) that at no time did appellant place an order for the $10,000 worth of sale merchandise from appellee, nor did appellant at any time intend to participate in the Fall sale, and (v) that appellant did hire two additional part-time employees in the Spring of 1977 to assist with "sales."

The record discloses no special contract for the sale of $10,000 worth of hardware to appellant and further discloses no special agreement for extended credit on any sales to appellant. There having been no order or agreement for appellant's purchase of the hardware, appellant could not have reasonably anticipated any profit

from the sale thereof. The trial court was correct, therefore, in granting appellee summary judgment as to appellant's claim for $4,000 in lost anticipated profits.

A factual issue does exist, however, as to whether appellant gave appellee sufficient notice to halt the shipment of sale circulars to appellant. If appellant did adequately notify appellee of its desire not to receive said circulars, appellant should be entitled to prove such damages as may have flowed from the improper shipment of the circulars. We, therefore, remand this counterclaim to the trial court with instructions to enter partial summary judgment in favor of appellee only as to appellant's claim for $4,000 in lost anticipated profits and remand for further proceedings regarding appellant's remaining $2,000 damage claim.

3. *Appellant's second counterclaim.*

Appellant alleged in its second counterclaim that in "hiring away" one of appellant's key employees appellee had maliciously interfered with appellant's contractual (employment) relations. "Interference with contractual relations is an *intentional* tort, and if intentional interference is to be required, it presupposes knowledge of the plaintiff's interests or, at least of facts that would lead a reasonable man to believe in their existence." *Piedmont Cotton Mills, Inc. v. H. W. Ivey Const. Co.,* 109 Ga. App. 876, 880 (137 SE2d 528) (1964). From a review of the record we note that appellant has failed to introduce any admissible evidence supporting the necessary allegation that appellee knew of the employment contract with which it allegedly interfered. Contrariwise, appellee has submitted the testimony of the subject employee to the effect that he had never informed any of appellee's agents of the existence of his employment contract with appellant and that to his knowledge appellee was not aware of the contract. Further, the agent of appellee who hired the subject employee testified that prior to and at the time of that hiring he did not know that there existed an employment contract between appellant and the subject employee. In the face of this evidence in support of appellee and in the absence of any admissible evidence in support of this essential element of appellant's cause of action, we find that the trial court properly granted appellee summary judgment regarding appellant's second counterclaim.

*Judgment affirmed in part and reversed in part. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 4, 1981.

*Frank M. Gleason, John W. Davis, Jr.,* for appellant.
*Joseph T. Tuggle,* for appellee.