64941. GEORGIA-PACIFIC CORPORATION v. KRULIC.

BANKE, Judge.

The defendant, Georgia-Pacific, contracted with the plaintiff's neighbors to cut and remove timber on a specified tract of land. Contending that the company removed timber from his property, the plaintiff initiated this action to establish the land line between his property and that of his neighbors and to collect damages from Georgia-Pacific. The jury returned a verdict in his favor as to both claims, finding Georgia-Pacific liable for $20,000 in damages for the timber removed from the disputed property and $9,500 in additional damages caused by the timber operation. In this appeal, Georgia-Pacific contends that the evidence did not support the award of consequential damages and that its motion for a partial directed verdict should have been granted as to this issue. *Held:*

1. The plaintiff testified that the defendant damaged a fence and took certain other actions on his property without his consent which deprived him of the use of a pasture he needed for raising cattle. He also testified as to additional expenses incurred as a consequence of that loss, including costs required to maintain the cattle an additional six months before sale. This testimony was supported by various bills and records received without objection. The amount awarded is well within the range of the evidence and therefore is not excessive. Compare *Dept. of Transp. v. Brown,* 155 Ga. App. 622 (2) (271 SE2d 876) (1980). "A verdict will not be set aside as unsupported by the evidence when the amount of it is within the range covered by the testimony, though it may not correspond with the contentions of either party." *Hawley &c. Furnace Co. v. Van Winkle Gin &c. Works,* 4 Ga. App. 85 (2) (60 SE 1008) (1908); *Fireman's Ins. Co. of Newark, N. J. v. Allmond,* 105 Ga. App. 763 (2) (125 SE2d 545) (1962).

2. The defendant also contends that the trial court erred in failing to grant his request to charge that "in the event you find that the defendant . . . negligently damaged the fence of the plaintiff, then the defendant would not be liable to the plaintiff for more than an amount which would represent the value of the pasture during such a period of time as would be reasonably necessary to replace the fence destroyed by the negligence of the defendant." The requested instruction concerns the duty of the plaintiff to mitigate his damages.

"Such a contention must be supported by evidence from which a jury could reasonably estimate the amount by which damages could have been mitigated." *Considine Co. of Ga., v. Turner Communications Corp.*, 155 Ga. App. 911, 913 (273 SE2d 652) (1980). The evidence offered by the defendant did not create a jury issue on this question.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 18, 1982.

*William E. Callaway, Jr.,* for appellant.
*Susan Warren Cox, Charles H. Brown, Douglas J. Flanagan,* for appellee.