64788. BALBOA INSURANCE COMPANY v. HUNTER.

QUILLIAN, Presiding Judge.

This is an appeal from summary judgment for the plaintiff in an action to recover on an auto insurance policy.

Appellee Hunter had an auto collision insurance policy with appellant insurer and paid the premium through an insurance premium finance company. On January 21, 1980 appellant sent appellee notice of cancellation of the insurance policy effective February 20, 1980 to appellee's last address of record by first class mail. Appellee claims never to have received the notice of cancellation. Thereafter, appellant sent a credit in the amount of the unearned premium to the agent who sold the policy to appellee, who in turn forwarded the credit to the premium finance company. The finance company applied the credit to appellee's account and sent the

balance back through the agent to appellee, who received it on April 3, 1980. In the interim, on March 31, 1980, appellee's car was damaged in a collision. When appellant refused payment of the damage because the policy was cancelled, appellee commenced this action to recover on the policy. Cross motions for summary judgment resulted in the grant of such judgment to appellee and denial of same to appellant. *Held:*

Appellant contends that the trial court erred in granting appellee summary judgment because it had complied with the law concerning cancellation of insurance policies.

Code Ann. § 56-2430 (Ga. L. 1960, pp. 289, 671; as amended through 1975, p. 1242) provides: "Written notice, stating the time when the cancellation will be effective, but not less than 30 days from the date of notice . . . may be delivered in person, or by depositing such notice in the United States mail to be dispatched by at least first class mail to the last address of record of the insured and receiving therefor the receipt provided by the United States Post Office Department."

Although appellee apparently never received the notice, possibly because he was not residing at his last address of record when it was mailed, actual receipt of the notice is not necessary to effect cancellation if the notice of cancellation properly addressed and stamped for first class delivery was delivered to the postal authorities and a receipt obtained therefor. *Hill v. Allstate Ins. Co.,* 151 Ga. App. 542 (2) (260 SE2d 370); *Favati v. Nat. &c. Ins. Co.,* 153 Ga. App. 723 (266 SE2d 359). Appellant's undisputed evidence showed compliance with this requirement.

Code Ann. § 56-2430, supra, also provides: "Such notice may or may not be accompanied by a tender of the unearned premium paid by the insured calculated on a pro rata basis. If such tender is not made simultaneously with such notice, it shall be made within 15 days of notice of cancellation, unless an audit or rate investigation is required in which case tender shall be made as soon as practicable."

Cancellation also is not effective unless the tender of the unearned premium is made within the prescribed time limits of Code Ann. § 56-2430. *Ga. Mut. Ins. Co. v. Fraser,* 152 Ga. App. 866 (264 SE2d 315).

Appellant did not comply with Code Ann. § 56-2430 because appellee clearly was not tendered the refund of the unearned premium within 15 days of the notice of cancellation, and appellant presented no evidence that an audit or rate investigation was required authorizing a delay in tender of the unearned premium as soon as practicable after such an audit or investigation.

However, appellant asserts that the foregoing provisions of Code Ann. § 56-2430 are inapplicable where the insured, as appellee did

here, finances his insurance premium with a premium finance company, in which circumstance it is required to return the premium to the premium finance company under the provisions of Code Ann. § 84-5313 (Ga. L. 1969, pp. 561, 569 as amended through 1976, pp. 1564, 1565), which has no such time provisions.

In other words, appellant urges that the Code Ann. § 56-2430 time provisions for returning an unearned premium should be ignored if a premium finance company is involved. We do not agree.

"All statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it, and are therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and decisions of the courts. [Cits.]" *Poteat v. Butler,* 231 Ga. 187, 188 (200 SE2d 741).

"It is an elementary rule of statutory construction that a statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter . . . are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto . . . While we recognize the rule that statutes in pari materia may not be resorted to where the language of the statute under consideration is clear, it is equally as well settled that, where the terms of the statute to be construed are ambiguous or its significance is of a doubtful character, it becomes necessary to give proper consideration to other related statutes in order to ascertain the legislative intent in reference to the whole system of laws of which the doubtful statute is a part." *Ryan v. Commrs. of Chatham County,* 203 Ga. 730, 731-2 (48 SE2d 86).

"When statutes are in conflict, the courts are bound to abide by the most recent legislative expression [Cit.] . . ." *Simmons v. State,* 148 Ga. App. 317, 318 (251 SE2d 167).

We note that Code Ann. § 84-5313 is part of a statute enacted to regulate insurance premium finance companies and generally is inapplicable to insurance companies or their agents. In addition, Code Ann. § 56-2430 was enacted in 1975 subsequent to the passage of the pertinent language of Code Ann. § 84-5313 in 1969. The General Assembly was presumably fully aware of the latter so that if it was their intent that the time provisions on the return of unearned premiums of Code Ann. § 56-2430 not apply to such premiums returned to premium finance companies, specific provision would have been made excluding such return of unearned premiums from such time provisions.

Therefore, we find that the intent of the General Assembly in enacting Code Ann. § 56-2430 was that its time provisions also apply to unearned premiums returned through premium finance companies.

Accordingly, the trial court did not err in granting summary judgment to appellee and denying same to appellant.

*Judgment affirmed. Shulman, C. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JANUARY 4, 1983 —
REHEARING DENIED FEBRUARY 1, 1983.

*Lowell S. Fine, Jane F. Thorpe,* for appellant.
*L. Prentice Eager III, John W. Henderson, Jr.,* for appellee.