69885. NOWELL et al. v. FAIN et al.
(330 SE2d 741)

DEEN, Presiding Judge.

Addie Lucille Nowell, Mittie Lou Hickson and six other plaintiffs brought a tort action alleging appellees breached a duty to maintain leased premises in a safe condition in that they failed to repair a gas leak which caused them to be exposed to harmful gas fumes. Appellees moved for summary judgment and the trial court granted the motion on December 28, 1983, against Nowell and Hickson, holding that the applicable statute of limitations had expired prior to filing suit. The order awarding partial summary judgment did not provide an express determination that no just reason existed for delaying the entry

of final judgment and did not direct the clerk to enter a final judgment. On May 24, 1984, appellees filed a motion for final judgment, and on July 2, 1984, appellants filed a motion to revise the order awarding partial summary judgment. On July 16, 1984, the court entered an order granting the motion for a final judgment, but denied the motion to revise. Appellants' brief and enumeration of errors address the merits of the order entered on December 28, 1983, and the denial of the motion to revise.

The trial court correctly found appellants' claim was barred by the statute of limitations. Appellants contend appellees breached their duty as landlords in failing to repair a defective furnace after they were notified of the defect by appellants and the other plaintiffs in September or October, 1980. The trial court found appellees' cause of action accrued from January or February 1981, the date on which they claim in their answers to interrogatories to be the date on which they initially consulted a physician for examination and treatment of illness resulting from the carbon monoxide contained in the leaking gas. The court held that these dates were more than two years prior to filing of the action on March 8, 1983. This holding comports with the rule that the statute of limitations began to run when the plaintiff discovers or with reasonable diligence should have discovered that he was injured. *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (287 SE2d 252) (1981); *Everhart v. Rich's, Inc.*, 229 Ga. 798 (194 SE2d 425) (1972).

On summary judgment, the moving party bears the burden of showing that no material issues of fact exist. This burden of proof, however, can be shifted when the moving party makes a prima facie showing that it is entitled to judgment as a matter of law. "The opposite party must come forward with rebuttal evidence *at that time*, or suffer judgment against him. Appellate courts will review only evidence presented to the trial court before its ruling on the motion. Additional evidence will not be admitted on appeal." *Meade v. Heimanson*, 239 Ga. 177, 180 (236 SE2d 357) (1977). Each party has a duty to present his case in full at the hearing on the motion for summary judgment. *Bible Farm Service, Inc. v. House Hasson Hardware Co.*, 157 Ga. App. 358 (277 SE2d 341) (1981). Where affidavits in opposition to the motion are untimely filed, it is not error for the trial court to refuse to exercise its discretion and consider them. *Splish Splash Waterslides, Inc. v. Cherokee Ins. Co.*, 167 Ga. App. 589 (307 SE2d 107) (1983). By analogy, it would not be error for the trial court to refuse to consider any untimely filed evidence opposing the motion. In the instant case, however, the plaintiffs filed a motion to revise pursuant to the provisions of OCGA § 9-11-54 (b) and sought to have the court consider their amended answers to interrogatories which were filed July 2, 1984, and state that the first time they received

medical treatment was in April of 1981 and not in January or February, 1981, as originally stated.

" 'The general rule is that courts, while a cause is pending before them, have control over the record and proceedings, their orders and judgments, during the term; *and after the term if the cause is still pending before them,* and may amend or set them aside . . . However, an interlocutory ruling does not pass from the control of the court at the end of the term if the cause remains pending.' " (Citations omitted and emphasis supplied.) *Cotton States Mut. Ins. Co. v. Neese,* 173 Ga. App. 62, 63 (325 SE2d 431) (1984). The grant of summary judgment constitutes final judgment only if it disposes of the entire case and the case is no longer pending in the court below. *Insurance Co. of N. America v. Fowler,* 148 Ga. App. 509 (251 SE2d 594) (1978). Thus, the case was still pending against the remaining parties, and no express determination of finality having been made, the order granting summary judgment was interlocutory, and the trial court had the authority to review the order, if revision was authorized.

The question becomes whether the trial court erred in failing to review the order in light of the amended answers to interrogatories. We think not. It is clear that the amended answers to the interrogatories are self-contradictory about a material issue of fact. In such a case, the court would be fully justified in using the earlier, unfavorable answers against the appellants. *Chambers v. C & S Nat. Bank,* 242 Ga. 498 (1a) (249 SE2d 214) (1978), and cits.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 2, 1985 —
REHEARING DENIED APRIL 17, 1985.

*William J. Brennan, Jr.,* for appellants.
*Michael D. Payne, John G. McCullough, James McDaniel,* for appellees.