### A05A0760. ROUSE v. POLOTT et al.
(617 SE2d 185)

PHIPPS, Judge.

Gregory Rouse was driving his truck along a state road in Jasper County. At the same time, Christine Polott was operating an automobile along an intersecting road. Polott failed to yield the right of way at a stop sign. Her automobile then collided with Rouse's truck. Rouse sued Polott and Polott Hide and Fur Company, Inc. (Hide and Fur). Rouse claimed that Hide and Fur owned the automobile Polott was operating and had negligently entrusted it to her. The jury returned a $42,410 verdict in favor of Rouse against Polott but not against Hide and Fur. Rouse appeals judgment on the verdict. Among

---

[30] Id. at 506-507.
[31] Id. at 509.

other things, he charges the trial court with error in denying him his right to opening and closing argument and in improperly limiting the time for his closing argument. We agree that the trial court erred in these regards and reverse.

1. Rouse contends that the trial court erred in denying his request to be allowed to present a closing argument for as long as two hours. We agree.

Prior to trial, Rouse filed a motion for an extension of time for closing argument from the one-hour time period prescribed by Uniform Superior Court Rule (USCR) 13.1, to "up to (but no more) than two hours" as authorized by OCGA § 9-10-180. At trial, the court, without considering OCGA § 9-10-180, denied Rouse's extension request in exercise of its discretion under USCR 13.2.

OCGA § 9-10-180 limits counsel in their arguments "to two hours on a side." This Code section "has been construed to mean as to those courts to which it applies as giving two hours to each side for argument, the trial court having no discretion to limit the argument below this length. [Cit.]"[1] In contrast, USCR 13.1 states that in civil cases other than appeals from magistrate courts, counsel shall be limited in their arguments to "one hour each side."[2] Neither the Code nor the Uniform Rule is, however, inflexible, as both vest the trial court with the discretionary authority to grant an extension. OCGA § 9-10-181 provides:

> If counsel on either side, before argument begins, applies to the court for extension of the time prescribed for argument and states in his place or on oath, in the discretion of the court, that he or they cannot do the case justice within the time prescribed and that it will require for that purpose additional time, stating how much additional time will be necessary, the court shall grant such extension of time as may seem reasonable and proper.

And USCR 13.2 similarly provides: "Before arguments begin, counsel may apply to the court for an extension of the time prescribed for argument. The applicant shall state the reason that additional time is needed; the court in its discretion may grant extensions."

In *McIntyre v. Pope*,[3] we recognized that there is an inconsistency between OCGA § 9-10-180 and USCR 13 and that, to the extent that requirements of the Uniform Rule conflict with the Georgia Code, the

---

[1] *Raybestos-Manhattan, Inc. v. Friedman*, 156 Ga. App. 880, 884 (3) (275 SE2d 817) (1981).
[2] USCR 13.1 (D).
[3] 215 Ga. App. 600 (451 SE2d 110) (1994).

Rule must yield.[4] In *McIntyre*, however, we found no irreconcilable conflict between the two because of the authority of the trial court to grant an extension of time under USCR 13.2. And we found no reversible error in the trial court's limitation of closing argument to one hour per side, because counsel made no request for additional time; we could not say that if a request had been made, it would not have been granted.

Here, unlike in *McIntyre*, Rouse made a timely request for an extension of time for closing argument from one to two hours, citing OCGA § 9-10-181 as authority. Because that Code section entitles a party to the longer time limit and takes precedence over the Uniform Rule, the court erred in denying the request.

2. Rouse also contends that the court erred in ruling that the defendants had the right to opening and concluding argument. The court in effect concluded that the defendants had retained that right because they had introduced no evidence. Rouse argues that the defendants did introduce evidence by reading from the deposition of a witness. We agree with Rouse.

At trial, Rouse read select portions of the deposition of Rebecca Hart in order to lay a foundation for admission of his household checking account statements. The excerpts from Hart's deposition were read outside the presence of the jury. The checking account statements were introduced in evidence, apparently for the jury's consideration of Rouse's income and net worth. In the presence of the jury, the defense was later allowed to read other portions of Hart's deposition which reflected on Rouse's work and recreational activities following the collision and his alleged abandonment of his family, in addition to his income and net worth.

"Where the defendant in a civil action introduces no evidence, he is entitled to make the opening and concluding arguments before the jury. A denial of this right is error requiring reversal of the case."[5] Where, however, the plaintiff introduces part of a deposition in evidence, the defense does not waive its right to opening and closing argument by introducing other relevant parts.[6] But if the defense introduces parts of the deposition not relevant to any part introduced by the plaintiff, the defense makes the deponent its own witness,[7]

---

[4] Id.; *Wyse v. Potamkin Chrysler-Plymouth*, 189 Ga. App. 64, 65 (1) (374 SE2d 785) (1988) (citing preamble to the Uniform Superior Court Rules); accord *Raybestos-Manhattan, Inc. v. Friedman*, supra.

[5] *Thico Plan, Inc. v. Ashkouti*, 171 Ga. App. 536, 537 (2) (320 SE2d 604) (1984) (citations and punctuation omitted); see OCGA § 9-10-186.

[6] Id., citing OCGA § 9-11-32 (a) (5).

[7] *Orkin Exterminating Co. v. Carder*, 258 Ga. App. 796, 803-804 (5) (575 SE2d 664) (2002) (physical precedent only); OCGA § 9-11-32 (c) (introduction in evidence of deposition or any part

thereby forfeiting its right to opening and closing argument.[8]

Even if Rouse's reading of portions of Hart's deposition into the record to lay the evidentiary foundation outside the presence of the jury authorized the defense to require Rouse to admit other relevant parts before the jury, the defense admitted additional portions of the deposition that were not relevant to the portions that Rouse had read. By doing so, the defendants made the witness their own. They, therefore, introduced their own evidence and lost the right to opening and closing argument. Therefore, the trial court erred in denying Rouse his right to opening and concluding argument.

3. The court did not err in granting defendants' motion to change venue from Clarke County to Lamar County, as the evidence showed without dispute that Polott was temporarily residing in Clarke County because she was a student at the University of Georgia but that she continued to maintain her domicile or legal residence in Lamar County, where her hometown was located and where her parents continued to reside.[9]

4. The court did not abuse its discretion in refusing to admit evidence that Hide and Fur insured the automobile Polott was driving at the time of the collision. Rouse sought to admit this evidence to show that Hide and Fur owned the automobile. Other evidence submitted by the defense outside the presence of the jury showed without dispute, however, that the automobile was purchased for Polott by her father, that the certificate of title was in his name, that Polott was not an employee of Hide and Fur at the time of the collision, that she operated the vehicle for her own personal use, that Polott's father insured the car used by her and other automobiles operated by Polott family members for their personal use through Hide and Fur so as to take advantage of a fleet policy rate, and that the insurance policy did not identify Hide and Fur as the owner. Under the circumstances, the court did not abuse its discretion in ruling that the prejudicial effect of admission of the evidence of insurance outweighed its probative value.[10]

---

thereof for any purpose other than contradicting or impeaching deponent generally makes deponent witness of party introducing deposition).

[8] See *Thico Plan*, supra.

[9] See generally *Johnson v. Woodard*, 208 Ga. App. 41, 42-43 (1) (429 SE2d 701) (1993); *Venable v. Long Realty Co.*, 46 Ga. App. 803, 804 (169 SE 322) (1933).

[10] See *United States v. Elliott*, 571 F2d 880, 908 (5th Cir. 1978) (under Georgia law, certificate of title is prima facie evidence of ownership of automobile sufficient to prove ownership in absence of clearly contradictory evidence); see generally *Cooper Tire & Rubber Co. v. Crosby*, 273 Ga. 454, 456-457 (2) (543 SE2d 21) (2001) (admission of evidence generally committed to sound discretion of trial court); *Clemmons v. Smith*, 246 Ga. App. 643, 645 (3) (540 SE2d 623) (2000) (evidence of insurance coverage should not be admitted unless clear relevance outweighs extremely prejudicial effect of such evidence).

5. Remaining issues are moot.

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JULY 7, 2005.

*Calvin A. Rouse*, for appellant.

*Hall, Booth, Smith & Slover, Roger S. Sumrall, Jonathan S. Bell*, for appellees.